Per Curiam.

Although we heretofore denied respondents’ motion to dismiss this appeal, based upon the then submitted papers, a review of the complete record now indicates that dismissal is appropriate.
Upon failure of appellant’s attorney to appear at a calendar call, a default was granted and the action set down for inquest. Appellant’s attorney appeared at the inquest, together with witnesses and sought leave to defend on the merits. Appellant’s counsel was permitted to participate in the proceedings, but only to the extent of cross-examination of plaintiffs. Appellant was not permitted to present any direct evidence either with respect to liability or damages. This appeal was taken from the judgment thereafter rendered in plaintiffs-respondents ’ favor, appellant arguing on the authority of James v. Powell (19 N Y 2d 249), that it was entitled to seek review of the questions of both liability and damages, since these issues were considered upon, the inquest, wherein it was a participant. Appellant also moved below for an order vacating its default. That motion was denied without prejudice to renewal upon this disposition of this appeal.
The record on appeal demonstrates that appellant’s contention with respect to the scope of the contest below is erroneous. No valid basis is presented for,avoidance of the strictures of CPLR 5511, barring an appeal from a judgment entered on default.
*987 We note that that defaulting period was minimal, the default allegedly unintentional, and at least an arguably meritorious defense is asserted. In view of the policy of this Department favoring dispositions on the merits (see Hensey Props, v. Lamagna, 23 A D 2d 742), there is a reasonable possibility that appellant’s request for relief from the default may be favorably considered. Accordingly this disposition is without prejudice to appellant’s moving for such relief below.
Appeal dismissed, without costs.
Concur — Quinn, J.P., Street and Markowitz, JJ.